# HUSCH BLACKWELL

Michael D. Fielding
Partner

4801 Main Street, Suite 1000
Kansas City, MO 64112
Direct: 816.983.8353
Fax: 816.983.8080
michael.fielding@huschblackwell.com

October 23, 2025

<u>Via Federal Express, U.S. Mail., & Email</u>

| | |
|---|---|
| Banyan Medical Systems, LLC<br>c/o Anthony Buda, Manager<br>8701 F. Street<br>Omaha, NE 68127<br>tbuda@banyanmed.com | Banyan Medical Systems, LLC<br>c/o Amber N. Preston, Registered Agent<br>1700 Farnam Street, Suite 1500<br>Omaha, NE 68102<br>apreston@bairdholm.com |

Anthony S. Buda
231 N. 248 Cir.
Waterloo, NE 68069
tbuda@banyanmed.com

**NOTICE OF NOTE MATURITY AND DEFAULT AND
<u>DEMAND FOR IMMEDIATE PAYMENT IN FULL</u>**

| | |
|---|---|
| BORROWER: | Banyan Medical Systems, LLC |
| GUARANTOR: | Anthony S. Buda |
| LENDER: | Jeffrey White |
| TRANSACTION: | Promissory Note dated July 31, 2025 and Note Guarantee dated July 31, 2025 |
| BALANCE DUE: | $1,060,000 as of October 23, 2025, plus additional costs and expenses incurred, including, without limitation, legal fees and expenses, default interest continuing to accrue. |

Dear Banyan Medical Systems, LLC and Mr. Buda:

Jeffrey White ("Lender") has retained my firm to assist in the recovery of outstanding indebtedness owed by Banyan Medical Systems, LLC ("Borrower") which was guaranteed by Anthony S. Buda ("Guarantor"). Please be advised that pursuant to the terms of the Promissory

# HUSCH BLACKWELL

Note[1] dated July 31, 2025, the entire unpaid principal and any accrued interest due relating to the Promissory Note <u>matured</u> and became <u>due and payable in full</u> on August 14, 2025.  Borrower failed to pay the obligations owed under the Promissory Note upon maturity, which is a default under the Promissory Note.  Lender hereby provides notice to Borrower and Guarantor of the Promissory Note's maturity and makes demand to the Borrower and Guarantor for immediate payment of the indebtedness owed under the Promissory Note in full.  The pay-off for the Promissory Note as of October 23, 2025 is $1,060,000[2] plus accrued default interest.

### *Reservation of Rights*

Under the terms of the Promissory Note, Note Guarantee and applicable law, Lender has various rights and remedies with respect to Borrower's default, and Lender is presently evaluating all available rights and remedies.  Lender reserves the right to immediately take all such actions as it deems appropriate to protect its interests under the Promissory Note and to collect the indebtedness due under the Promissory Note and Note Guarantee, including, but not limited instituting legal action to collect monies owed.

Lender's voluntary forbearance, if any, from exercising any of its rights or remedies is not intended and should not be construed or deemed as a waiver of any default or a waiver of Lender's rights and remedies with respect to them, all of which are reserved by Lender.  Nothing contained in this Notice, any communication by and between Lender and Borrower and/or the Guarantor, or any delay on the part of Lender in exercising any of its rights and remedies under the Promissory Note, Note Guarantee or applicable law shall be considered a waiver or modification thereof.

Additionally, in the event Borrower or the Guarantor make any subsequent payment of any amount less than all of the funds demanded in this letter, Lender may apply any such partial payment to the indebtedness owing under the Promissory Note and Note Guarantee as a partial payment.  No such partial payment or the acceptance thereof by Lender shall constitute or be deemed or construed as a waiver of any default under the Promissory Note or Note Guarantee.  In addition, any such partial payment or the acceptance of any such partial payment by Lender shall not constitute or be deemed or construed as a cure of any existing default under the Promissory Note, a modification of the Promissory Note, the Note Guarantee or the terms of this Notice, a reinstatement or satisfaction of the Promissory Note, an election of remedies, or a waiver, modification, relinquishment or forbearance by Lender of any of Lender's rights or remedies under the Promissory Note, Note Guarantee or applicable law, all of which rights and remedies Lender hereby expresses reserves.

---

[1] The Promissory Note was drafted and prepared by Borrower.

[2] The $1,060,000 figure consists of $750,000 principal, $50,000 origination fee, one-time liquidated damages fee of $20,000, and $240,000 for the accumulated $5,000 per day liquidated damages.

# HUSCH BLACKWELL

No modification of the Promissory Note or Note Guarantee and no other agreement or understanding of any nature shall be deemed or construed to have been entered into by or be binding on Lender unless and until Lender and Borrower and/or the Guarantor have reached agreement on all issues, and such entire agreement shall have been reduced to a final, written document that expressly states that it modifies the Promissory Note and is duly executed by Lender and Borrower and/or the Guarantor.  Oral agreements, emails, letters, memoranda, summary of meetings or proposed terms, and any other non-final agreements or writings shall have no effect and shall not be binding on Lender.

**If you do not fully pay the indebtedness owed under the Promissory Note and Note Guarantee within ten (10) days of the date of this letter or if an acceptable repayment arrangement is not reached by that date, then Lender will pursue its remedies under the Promissory Note, Note Guarantee and applicable law including (but not necessarily limited to) initiating legal proceedings against the Borrower and Guarantor seeking to recover all amounts owed.**

Please contact me if you have any questions regarding any of the matters addressed in this Notice or relating to the Loan.  We look forward to your full compliance with the terms of the Promissory Note and this Notice.

Sincerely,

*[signature]*

Michael D. Fielding

cc: Jeff White (*via email*)

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR
IN AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.**