AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  25-cv-00652-BCB-RCC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Anthony S. Buda

was received by me on *(date)* 11/12/2025 .

❏ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

☑ Other *(specify):* I served the summons and complaint via email on Michael J. Whaley, Mr. Buda's attorney, who agreed to accept service via email on behalf of his client.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: Nov. 14, 2025

_____
Server's signature

Michael D. Fielding, attorney
Printed name and title

Husch Blackwell LLP
4801 Main St. Suite 1000
Kansas City, MO 64112
Server's address

Additional information regarding attempted service, etc:

**Fielding, Michael**

| | |
|---|---|
| **From:** | Fielding, Michael |
| **Sent:** | Friday, November 14, 2025 11:11 AM |
| **To:** | Michael J. Whaley |
| **Subject:** | RE: Service of Summons & Complaint on Antony Buda -- 8:25-cv-00652-BCB-RCC White v. Banyan Medical Systems, LLC et al |
| **Attachments:** | 005 - 2025.11.12 - Issued Summonses - Banyan and Buda 4939-1433-9449.1.pdf; 1 Complaint.pdf |

Michael—I should have clarified in my email that the summons for Anthony Buda is on the third and fourth pages of the attached summons. The first and second pages are for Banyan Medical. I realize you don't have authority to accept service for Banyan. We are engaging a process server for that. Please confirm you have received this message. Thanks

**Michael Fielding**
**Partner**
Direct: 816-983-8353
Michael.Fielding@huschblackwell.com

---

**From:** Fielding, Michael <Michael.Fielding@huschblackwell.com>
**Sent:** Friday, November 14, 2025 10:41 AM
**To:** Michael J. Whaley <MWhaley@clinewilliams.com>
**Subject:** Service of Summons & Complaint on Antony Buda -- 8:25-cv-00652-BCB-RCC White v. Banyan Medical Systems, LLC et al

Michael—as a follow-up to our communication earlier this week wherein you indicated you had authority to accept service on behalf of Anthony Buda, attached please find copies of the Complaint and Summons. Please confirm your receipt of this email.

Thanks

**Michael Fielding**
**Partner**

**HUSCH BLACKWELL**
**The Link Virtual Office**
4801 Main Street
Suite 1000
Kansas City, MO 64112-2551

Direct: 816-983-8353
Fax: 816-983-8080
Michael.Fielding@huschblackwell.com
huschblackwell.com
 vBio|vCard

**Food Systems**
**Insolvency**

Husch Blackwell is a different kind of law firm—structured around our clients' industries and built on a culture of selfless service. Our 1000+ lawyers collaborate across the U.S. from more than 20 offices and our virtual office, The Link, to provide uncommon to our clients' most complex challenges.

1

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nebraska ▾

| | |
|---|---|
| JEFFREY WHITE | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| BANYAN MEDICAL SYSTEMS, LLC and ANTHONY S. BUDA | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.   25-cv-00652-BCB-RCC

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Banyan Medical Systems, LLC
c/o Registered Agent - Amber N. Preston
Baird Holm LLP
1700 Farnam Street, Suite 1500
Omaha, NE 68102

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael D. Fielding
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
michael.fielding@huschblackwell.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  11/12/2025                    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   25-cv-00652-BCB-RCC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nebraska  ▾

| | |
|---|---|
| JEFFREY WHITE | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| BANYAN MEDICAL SYSTEMS, LLC and ANTHONY S. BUDA | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.   25-cv-00652-BCB-RCC

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Anthony S. Buda
231 North 248 Circle
Waterloo, NE 68069

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael D. Fielding
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
michael.fielding@huschblackwell.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   11/12/2025

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  25-cv-00652-BCB-RCC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Jeffrey White,<br><br>     **Plaintiff,**<br><br>  **v.**<br><br>**Banyan Medical Systems, LLC and**<br>**Anthony S. Buda,**<br><br>     **Defendants.** | Case No.: |

## COMPLAINT

Plaintiff Jeffrey White for his Complaint against Defendants Banyan Medical Systems, LLC and Anthony S. Buda hereby states and alleges as follows:

### Parties

1. Plaintiff Jeffrey White ("White" or "Plaintiff") is an individual who resides in Johnson County, Kansas.

2. Defendant Banyan Medical Systems, LLC ("Banyan") is a Nebraska limited liability company with its principal place of business at 8701 F. Street, Omaha, Nebraska 68127, and it may be served through its registered agent Amber N. Preston at 1700 Farnam Street, Suite 1500, Omaha, NE 68102.

3. Defendant Anthony S. Buda ("Buda") is an individual who is resident of Nebraska residing at 231 N. 248 Cir., Waterloo, Nebraska 68069.

### Jurisdiction and Venue

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000 and complete diversity of jurisdiction exists between White (Kansas) and the Defendants (Nebraska).

5.      The events that gave rise to the causes of action alleged in this complaint occurred in this District.  As such, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

<u>**General Allegations**</u>

6.      On July 31, 2025, Banyan executed a Promissory Note (the "<u>Note</u>") payable to White in the principal amount of $750,000.  A copy of the Note is submitted as **<u>Exhibit 1</u>** and incorporated herein by this reference.

7.      Also on July 31, 2025, Buda executed a Note Guarantee (the "<u>Guarantee</u>") wherein he guaranteed to White the full payment of all monies owed under the Note. A copy of the Guarantee is submitted as **<u>Exhibit 2</u>** and incorporated herein by this reference.

8.      Pursuant to the terms of the Note Banyan agreed to pay White an origination fee of $50,000.

9.      White advanced the full principal loan amount to Banyan pursuant to the terms of the Note.

10.      The maturity date of the Note was August 14, 2025.

11.      Banyan failed to pay the monies owed under the Note by the maturity date which constituted an Event of Default under the Note.

12.      The default interest rate under the Note is 15.00% per annum until the Note is paid in full.

13.      Under the Note, Banyan agreed to pay as liquidated damages (and not as a penalty) a one-time sum of $20,000 if an Event of Default occurred, and Banyan agreed to pay an additional liquidated damages amount of $5,000.00 per day for each day in which an Event of Default related to the payment of the principal amount remained uncured.

14.      Banyan also agreed to pay under the Note all costs of collection including, but not

HB: 4925-4099-0328.1

limited to, attorney's fees and costs.

15.    On October 23, 2025, White issued a *Notice of Note Maturity and Default and Demand for Immediate Payment in Full* (the "<u>Demand</u>") to both Banyan and White.  A copy of the Demand is submitted as **Exhibit 3** and incorporated herein by this reference.

16.    Banyan and White failed to timely pay the indebtedness owed by the deadline specified in the Demand.

17.    As of November 6, 2025, the total outstanding debt owed under the Note as guaranteed by Buda under the Guarantee was $1,265,890.41 as detailed in the following table:

| | |
|---|---:|
| Note Maturity Date: | 8/14/2025 |
| Current Date: | 11/6/2025 |
| No. Days Elapsed | 84 |
| Per Diem Interest | $308.22 |
| | |
| Principal | $750,000.00 |
| Origination Fee | $50,000.00 |
| One-time Liquidation Fee | $20,000.00 |
| Daily Liquidated Damages ($5,000 * No. Days Elapsed) | $420,000.00 |
| Default Interest (Per diem interest * No. Days Elapsed) | $25,890.41 |
| Total: | $1,265,890.41 |

18.    Additionally, White continues to incur attorney's fees and other costs of collection as allowed by the Note.

## COUNT I
### Breach of Note against Banyan

19.    White restates and incorporates herein by reference the allegations contained in each of the foregoing paragraphs of this Complaint as if set forth in full herein.

20.    Banyan executed the Note in favor of White.

21.    White fully performed his obligations under the Note.

HB: 4925-4099-0328.1

22. Banyan is in default under the Note because he failed to pay the indebtedness owed at the time of the Note's maturity.

23. Despite demand for full payment, Banyan has still not paid the indebtedness owed to White.

24. Pursuant to the terms of the Note, White is entitled to recover the principal amount, the $50,000 origination fee, default interest at the rate of 15.00% per annum (which equates to a per diem amount of $308.22), a one-time liquidated damages amount of $20,000, daily liquidated damages in the amount of $5,000.00 per day, and attorney's fees and costs of collection all as permitted by the Note.

25. As of November 6, 2025, the indebtedness owed under the Note is $1,265,890.41 as detailed in the table above.

WHEREFORE, Plaintiff Jeffrey White respectfully requests that the Court enter judgment against Banyan for (1) $1,265,890.41 plus (2) per diem contract rate default interest from and after November 7, 2025 in the per diem amount of $308.22, plus (3) daily liquidated damages in the amount of $5,000.00 per day from and after November 7, 2025, plus (4) White's attorney's fees and costs and all other costs of collection and amounts owed to White under the terms of the Note; and such further and other relief as the Court deems appropriate.

## COUNT II
### *Breach of Guarantee against Buda*

26. White restates and incorporates herein by reference the allegations contained in each of the foregoing paragraphs of this Complaint as if set forth in full herein.

27. Buda executed the Guarantee in favor of White.

28. The Guarantee is unconditional.

29. Buda guaranteed payment of all monies owed under the Note.

4

30.     Banyan is in default of its obligations under the Note

31.     As of November 6, 2025, the indebtedness owed under the Note is $1,265,890.41 as detailed in the table above.  Buda is liable for that full amount under the Guarantee as well as all additional indebtedness that continues to accrue under the Note.

32.     Additionally, pursuant to the terms of the Guarantee, Buda is liable for all of White's attorney's fees and costs incurred in collecting the indebtedness owed.

WHEREFORE, Plaintiff Jeffrey White respectfully requests that the Court enter judgment against Buda for (1) $1,265,890.41 plus (2) per diem contract rate default interest from and after November 7, 2025 in the per diem amount of $308.22, plus (3) daily liquidated damages in the amount of $5,000.00 per day from and after November 7, 2025, plus (4) White's attorney's fees and costs and all other costs of collection and amounts owed to White under the terms of the Note; and such further and other relief as the Court deems appropriate.

## COUNT III
### *Unjust Enrichment against Banyan*

33.     White restates and incorporates herein by reference the allegations contained in each of the foregoing paragraphs of this Complaint as if set forth in full herein.

34.     White advanced $750,000.00 to Banyan who received the funds.

35.     Banyan (through one or more of its officers) knew of and appreciated the fact that the funds had been advanced to it.

36.     Banyan retained the advanced funds.

37.     It would be wholly inequitable and wrongful for Banyan to retain the funds given that White provided them as a loan and Banyan has no legal or valid basis to retain the funds without repaying them to White.

38.     As of November 6, 2025, the indebtedness owed under the Note is $1,265,890.41

HB: 4925-4099-0328.1

as detailed in the table above.

WHEREFORE, Plaintiff Jeffrey White respectfully requests that the Court enter judgment against Banyan for (1) $1,265,890.41 plus (2) per diem contract rate default interest from and after November 7, 2025 in the per diem amount of $308.22, plus (3) daily liquidated damages in the amount of $5,000.00 per day from and after November 7, 2025, plus (4) White's attorney's fees and costs and all other costs of collection and amounts owed to White under the terms of the Note; and such further and other relief as the Court deems appropriate.

<u>**COUNT IV**</u>
*Money Had & Received against Banyan*

39.     White restates and incorporates herein by reference the allegations contained in each of the foregoing paragraphs of this Complaint as if set forth in full herein.

40.     White advanced $750,000.00 to Banyan who received the funds.

41.     Banyan continues to hold the funds and has not returned them despite demand from White.

42.     The monies belong to White in equity and good conscience.

43.     Banyan is obligated to return the monies to White.

44.     It would be wholly inequitable and wrongful for Banyan to retain the funds given that White provided them as a loan and Banyan has no legal or valid basis to retain the funds without repaying them to White.

45.     As of November 6, 2025, the indebtedness owed under the Note is $1,265,890.41 as detailed in the table above.

WHEREFORE, Plaintiff Jeffrey White respectfully requests that the Court enter judgment against Banyan for (1) $1,265,890.41 plus (2) per diem contract rate default interest from and after November 7, 2025 in the per diem amount of $308.22, plus (3) daily liquidated

HB: 4925-4099-0328.1

damages in the amount of $5,000.00 per day from and after November 7, 2025, plus (4) White's attorney's fees and costs and all other costs of collection and amounts owed to White under the terms of the Note; and such further and other relief as the Court deems appropriate.

Dated this 7th day of November 2025.

HUSCH BLACKWELL LLP

*/s/ Michael D. Fielding*
Michael D. Fielding (NE #27530)
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
E-mail: michael.fielding@huschblackwell.com

Brent A. Meyer (NE #25994)
Amanda JoLee (NE #26872)
14606 Branch Street, Suite 200
Omaha, Nebraska 68154
Telephone: (402) 964-5000
Facsimile: (402) 964-5050
brent.meyer@huschblackwell.com
amanda.jolee@huschblackwell.com

**Attorneys for Plaintiff Jeffrey White**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JEFFREY WHITE | BANYAN MEDICAL SYSTEMS, LLC and ANTHONY S. BUDA |

| (b) County of Residence of First Listed Plaintiff    Johnson County, KS | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[x] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609<br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332(a)

Brief description of cause:
Breach of note, breach of guarantee, unjust enrichment, and money had & received

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,265,890.41

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Nov 7, 2025 | /s/ Michael D. Fielding |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related cases, if any.  If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**Exhibit 1**

## PROMISSORY NOTE

$750,000                                                              July 31, 2025

**FOR VALUE RECEIVED**, the undersigned, **Banyan Medical Systems, LLC**, a Nebraska limited liability company ("**Borrower**") PROMISES TO PAY to the order of **Jeffrey White, a Kansas individual** ("**Lender**"), the principal sum of Seven Hundred Fifty Thousand Dollars and 00/100's ($750,000.00) together with the interest described below on or before August 14, 2025 (the "Maturity Date").

      1.      In addition to the principal amount due and owing hereunder, Borrower agrees to pay to Lender an origination fee equal to Fifty Thousand Dollars ($50,000).

      2.      Borrower agrees to pay to Lender the principal amount due and owing hereunder on or before the Maturity Date.

      4.      It shall be a default hereunder if the Borrower fails to make payment of principal and/or interest under this Note and fails to cure such failure within ten (10) days from the date of such failure (the "Event of Default"). From and after the date of an Event of Default, the unpaid balance of this Note shall bear interest at a default rate of fifteen percent (15%) per annum until the Note is paid in full. Furthermore, in addition, Borrower agrees that it shall pay as liquidated damages, and not a penalty, a one-time sum of Twenty Dollars ($20,000) if an Event of Default arises relating to the principal due and owing hereunder is not paid on or before the Maturity Date, and an additional liquidated damages amount of Five Thousand Dollars ($5,000) per day, for each day in which an Event of Default related to the payment of the principal amount due and owing hereunder remains uncured.

      5.      This note shall be secured by the assets of Borrower.

      6.      The undersigned Borrower waives presentment for payment, protest and demand, notice of protest, demand and dishonor, due diligence, and non-payment of this Note and agrees to pay all costs of collection when incurred, including reasonable attorneys' fees, and to perform and comply with each of the terms, provisions, covenants and agreements contained in this Note. No extension of the time for the payment of this Note or any installment hereof made by agreement with any person now or hereafter liable for the payment of this Note shall operate to release, discharge, modify, change or affect the original liability under this Note, either in whole or in part.

      7.      This Note shall not be amended, modified or changed, nor shall any waiver of any provision hereof be effective, except by an instrument in writing signed by the party against whom enforcement of any amendment, modification, change or waiver is sought.

      8.      Whenever used herein, the words "**Borrower**" and "**Lender**" shall be deemed to include their respective successors and assigns. In the event Borrower is comprised of more than one individual or entity, each such individual and/or entity shall be jointly and severally liable hereunder.

      9.      Time is of the essence of this Note. The singular number shall include the plural, and the plural the singular, and any gender shall be substituted for any other gender, where appropriate. This Note is to be governed by and construed in accordance with the laws of the State of Kansas, without giving effect to the conflicts of law provisions thereof. Whenever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remaining provisions of this Note.

      10.      THIS NOTE MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS BETWEEN OR AMONG THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN OR AMONG THE PARTIES.

      **IN WITNESS WHEREOF**, the undersigned has executed and delivered this Note effective as of the date first above written.

**Exhibit 1**

Borrower: Banyan Medical Systems, LLC

Name: Anthony S. Buda
Title: Chief Executive Officer

*Note Guarantee to Follow*

**Exhibit 2**

NOTE GUARANTEE

This Note Guarantee ("**Guarantee**") is executed in consideration of the execution of the Promissory Note executed on July 31, 2025 (the "**Note**") by and among Banyan Medical Systems, LLC (the "**Borrower**"), and Jeffrey White (the "**Lender**") respecting certain monies advanced by Lender to Borrower, as evidenced by the Note. The undersigned Guarantor the "**Guarantor**"), hereby unconditionally guarantee to the Lender, and its' successors and assigns, the full and prompt payment of obligations of the Borrower under the Note, and Guarantor hereby agrees to indemnify and hold harmless the Lender and its successors and assigns from and against all expenses, including but not limited to reasonable attorney's fees, incurred by Lender in enforcing this Guarantee. Guarantor hereby waives notice of any default on the part of the Borrower under the Note, and Guarantor agrees that the liability of Guarantor under this Guarantee shall not be released or affected by any extension of time for payment or by any forbearance, waiver, or consent given or granted by Lender or by any modifications of or amendments to the Note. Guarantor agrees that the Lender may settle or compromise any claims which the Lender may have against Borrower under the Note without notice to Guarantor and without thereby releasing Guarantor from any obligations under this Guarantee or limiting or impairing the liability of Guarantor under this Guarantee. Guarantor agrees (a) that the liability of Guarantor under this Guarantee is primary, joint and several, (b) that the Lender, at its option, may proceed to enforce the obligations of Guarantor under this Guarantee without first resorting to any other remedy or having commenced any action or obtained any judgment against Borrower and without having first attempted to collect from or secure performance by Borrower, (c) that the liability of Guarantor under this Guarantee shall not be affected, limited, impaired, released, or discharged by any bankruptcy, receivership, insolvency, or other creditor proceedings involving Borrower or by the rejection or disaffirmance of the Notes in any such proceedings, (d) no action brought under this Guarantee and no recovery in pursuance thereof shall be a bar or defense to any further action which may be brought under this Guarantee by reason of any further default(s) hereunder or in the performance and observance of the terms, covenants and conditions of the Note, and (e) to submit to the jurisdiction of the courts of the state of Nebraska. This Guarantee shall be binding upon the successors, and assigns of the undersigned and shall inure to the benefit of the successors and assigns of the Lender. By execution of this Guarantee, the undersigned Guarantor acknowledges receipt of a copy of the Note to which this Guarantee applies.

Executed this 31st day of July, 2025.

GUARANTOR: Anthony S. Buda

By: Anthony S. Buda, in his individual capacity

**Exhibit 3**

# HUSCH BLACKWELL

Michael D. Fielding
Partner

4801 Main Street, Suite 1000
Kansas City, MO 64112
Direct: 816.983.8353
Fax: 816.983.8080
michael.fielding@huschblackwell.com

October 23, 2025

**Via Federal Express, U.S. Mail., & Email**

| | |
|---|---|
| Banyan Medical Systems, LLC | Banyan Medical Systems, LLC |
| c/o Anthony Buda, Manager | c/o Amber N. Preston, Registered Agent |
| 8701 F. Street | 1700 Farnam Street, Suite 1500 |
| Omaha, NE 68127 | Omaha, NE 68102 |
| tbuda@banyanmed.com | apreston@bairdholm.com |

Anthony S. Buda
231 N. 248 Cir.
Waterloo, NE 68069
tbuda@banyanmed.com

**NOTICE OF NOTE MATURITY AND DEFAULT AND
DEMAND FOR IMMEDIATE PAYMENT IN FULL**

BORROWER:      Banyan Medical Systems, LLC

GUARANTOR:      Anthony S. Buda

LENDER:      Jeffrey White

TRANSACTION:      Promissory Note dated July 31, 2025 and Note Guarantee dated July 31, 2025

BALANCE DUE:      $1,060,000 as of October 23, 2025, plus additional costs and expenses incurred, including, without limitation, legal fees and expenses, default interest continuing to accrue.

Dear Banyan Medical Systems, LLC and Mr. Buda:

Jeffrey White ("Lender") has retained my firm to assist in the recovery of outstanding indebtedness owed by Banyan Medical Systems, LLC ("Borrower") which was guaranteed by Anthony S. Buda ("Guarantor"). Please be advised that pursuant to the terms of the Promissory

      

Exhibit 3

# HUSCH BLACKWELL

Note[1] dated July 31, 2025, the entire unpaid principal and any accrued interest due relating to the Promissory Note <u>matured</u> and became <u>due and payable in full</u> on August 14, 2025.  Borrower failed to pay the obligations owed under the Promissory Note upon maturity, which is a default under the Promissory Note.  Lender hereby provides notice to Borrower and Guarantor of the Promissory Note's maturity and makes demand to the Borrower and Guarantor for immediate payment of the indebtedness owed under the Promissory Note in full.  The pay-off for the Promissory Note as of October 23, 2025 is $1,060,000[2] plus accrued default interest.

### *Reservation of Rights*

Under the terms of the Promissory Note, Note Guarantee and applicable law, Lender has various rights and remedies with respect to Borrower's default, and Lender is presently evaluating all available rights and remedies.  Lender reserves the right to immediately take all such actions as it deems appropriate to protect its interests under the Promissory Note and to collect the indebtedness due under the Promissory Note and Note Guarantee, including, but not limited instituting legal action to collect monies owed.

Lender's voluntary forbearance, if any, from exercising any of its rights or remedies is not intended and should not be construed or deemed as a waiver of any default or a waiver of Lender's rights and remedies with respect to them, all of which are reserved by Lender.  Nothing contained in this Notice, any communication by and between Lender and Borrower and/or the Guarantor, or any delay on the part of Lender in exercising any of its rights and remedies under the Promissory Note, Note Guarantee or applicable law shall be considered a waiver or modification thereof.

Additionally, in the event Borrower or the Guarantor make any subsequent payment of any amount less than all of the funds demanded in this letter, Lender may apply any such partial payment to the indebtedness owing under the Promissory Note and Note Guarantee as a partial payment.  No such partial payment or the acceptance thereof by Lender shall constitute or be deemed or construed as a waiver of any default under the Promissory Note or Note Guarantee. In addition, any such partial payment or the acceptance of any such partial payment by Lender shall not constitute or be deemed or construed as a cure of any existing default under the Promissory Note, a modification of the Promissory Note, the Note Guarantee or the terms of this Notice, a reinstatement or satisfaction of the Promissory Note, an election of remedies, or a waiver, modification, relinquishment or forbearance by Lender of any of Lender's rights or remedies under the Promissory Note, Note Guarantee or applicable law, all of which rights and remedies Lender hereby expresses reserves.

---

[1] The Promissory Note was drafted and prepared by Borrower.
[2] The $1,060,000 figure consists of $750,000 principal, $50,000 origination fee, one-time liquidated damages fee of $20,000, and $240,000 for the accumulated $5,000 per day liquidated damages.

Exhibit 3

# HUSCH BLACKWELL

No modification of the Promissory Note or Note Guarantee and no other agreement or understanding of any nature shall be deemed or construed to have been entered into by or be binding on Lender unless and until Lender and Borrower and/or the Guarantor have reached agreement on all issues, and such entire agreement shall have been reduced to a final, written document that expressly states that it modifies the Promissory Note and is duly executed by Lender and Borrower and/or the Guarantor. Oral agreements, emails, letters, memoranda, summary of meetings or proposed terms, and any other non-final agreements or writings shall have no effect and shall not be binding on Lender.

**If you do not fully pay the indebtedness owed under the Promissory Note and Note Guarantee within ten (10) days of the date of this letter or if an acceptable repayment arrangement is not reached by that date, then Lender will pursue its remedies under the Promissory Note, Note Guarantee and applicable law including (but not necessarily limited to) initiating legal proceedings against the Borrower and Guarantor seeking to recover all amounts owed.**

Please contact me if you have any questions regarding any of the matters addressed in this Notice or relating to the Loan. We look forward to your full compliance with the terms of the Promissory Note and this Notice.

Sincerely,

Michael D. Fielding

cc: Jeff White (*via email*)

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR IN AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**